IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

WILLIAM CRAIG MACDONALD

    Plaintiff,

  vs.

WILLETT INVESTMENT PROPERTIES;
et al.,

    Defendants.

Case No. 6:16-cv-01250-MK

**OPINION AND ORDER**

AIKEN, District Judge:

    Plaintiff moves the Court to reopen this case, which was dismissed in November 2016. The Court construes plaintiff's motion as one filed pursuant to Federal Rule of Civil Procedure 60(b), which allows the Court to reconsider and amend a previous order in narrow circumstances. Under Rule 60(b), a litigant may seek relief from final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the Court's decision; (3)

Page 1 – OPINION AND ORDER

fraud by the adverse party; (4) the judgment is void; (5) the judgment as been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time and, under subsections (1), (2), and (3), "no more than a year after entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation and quotation marks omitted). Reconsideration of a prior ruling is appropriate where a litigant can show an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *Nunes v. Ashcroft*, 375 F.3d 805, 807–08 (9th Cir. 2004).

On July 15, 2016, the Court dismissed plaintiff's Complaint for failure to state a claim and allowed plaintiff to file an amended complaint curing the deficiencies in his original pleading, which plaintiff filed on August 5, 2016. Docs. 6, 8. On October 12, 2016, the Court dismissed the Amended Complaint with leave to file a second amended complaint within 30 days. Doc. 9. Plaintiff did not respond with a second amended complaint within the time allowed and, on November 21, 2016, the Court dismissed the action for failure to prosecute and failure to follow a court order. Docs. 11, 12.

Plaintiff filed this motion on July 17, 2020. Doc. 13. Like plaintiff's earlier filings, the motion is difficult to decipher, but it does not appear to advance any grounds for reconsideration under Rule 60(b). Moreover, plaintiff does not explain

why he failed to file a timely second amended complaint or why he took nearly four years to seek relief from the Court's judgment. On this record, the Court cannot find that the motion was filed "within a reasonable time" as required by Rule 60(c).

Plaintiff's Motion to Reopen Case (doc. 13) is DENIED and his Application for Leave to Proceed IFP (doc. 14) is also DENIED as moot.

IT IS SO ORDERED.

Dated this 21st day of January, 2021

_____/s/Ann Aiken_____

Ann Aiken
United States District Judge

Page 3 – OPINION AND ORDER